# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JARAD CHASTAIN and <br> JACLYN CHASTAIN, <br><br> Plaintiffs, <br><br> vs. <br><br> TRICAM INDUSTRIES, INC., and <br> HOME DEPOT U.S.A., INC., <br><br> Defendants. | Case No. 3:12-cv-00798 <br><br> JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

The parties, through counsel, have agreed upon the following pre-trial procedure and schedule. The court has reviewed the parties' submissions below and hereby orders the following in this case:

**A. JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000.00 and this action is between citizens of different states. Jurisdiction is not disputed.

**B. BRIEF THEORIES OF THE PARTIES:**

**1) PLAINTIFFS:** On or about July 12, 2011 The Plaintiff, Jarad Chastain, was standing on a ladder, purchased by his employer, Systems Integrations, Inc., from the Home Depot store located at 955 South Hartman Drive, Lebanon, Tennessee. As the Plaintiff Jarad Chastian was standing on the ladder, the ladder broke causing Plaintiff to fall and sustain injuries. The Tricam (Husky) ladder was defective and/or unreasonably dangerous beyond that

which would be contemplated by the ordinary consumer, and was unsafe for normal anticipated handling and use, resulting in a dangerous and unsafe risk to the Plaintiff. If properly designed, fabricated, produced, manufactured, processed, and assembled by the Defendant Tricam, the Tricam (Husky) ladder would not have broken or been inherently dangerous.

       **2)** **DEFENDANTS:** Based on the limited amount of information known to Defendants at this time, Defendants maintain that the ladder used by Plaintiff on or around July 12, 2011, was in a reasonably safe condition for its intended use. Defendants generally deny that they are liable under any of the causes of action claimed by Plaintiffs. Defendants further state that they may better state their full theory of the case after fact and expert discovery in this matter.

    **C.** **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.** **ISSUES STILL IN DISPUTE:** Liability and damages.

    **E.** **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or by October 12, 2012.

    **F.** **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before March 21, 2013. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

    **G.** **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before December 21, 2012.

**H. DISCLOSURE OF EXPERTS:** The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before April 21, 2013. The Defendants shall identify and disclose all expert witnesses and reports on or before May 21, 2013.

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before July 21, 2013.

**J. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before ~~July 8,~~ June 1, 2013.

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before August 21, 2013. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L. ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 3 days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

**LAW OFFICE OF DONALD D. ZUCCARELLO. ESQ.**

By:    /s/ Marshall McClarnon
        **MARSHALL MCCLARNON, ESQ.**
        BPRN 26465
        3209 West End Avenue
        Nashville, TN 37203
        (615) 259-8100
        *Attorneys for Plaintiff*

**LEITNER, WILLIAMS, DOOLEY
  & NAPOLITAN, PLLC**


By:    /s/ Paul Brewer
        **J. PAUL BREWER**
        BPRN 25289
        414 Union Street, Suite 1900
        Nashville, Tennessee 37238-1782
        Telephone: (615) 255-7722
        E-mail:paul.brewer@leitnerfirm.com
        *Attorneys for Defendants*

**MCVEY & PARSKY, LLC**

By:    /s/ Paul Kaulas
        **Paul V. Kaulas**
        30 N. LaSalle Street
        Chicago, Illinois 60602
        Telephone: (312)551-7668
        E-mail: pvk@mcveyparsky-law.com
        *Attorneys for Defendants*